DLD-007                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1844
_____

UNITED STATES OF AMERICA

v.

GREGORY MAKOZY, SR.,
                                         Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2:15-cr-00184-001)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted on Appellee's Motion for Summary Action, and
for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) and
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 10, 2024
Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 18, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Former federal prisoner Gregory Makozy, Sr., appeals pro se from the District Court's April 25, 2024 decision denying reconsideration of its April 3, 2024 decision denying his motion to expunge his criminal record. The Government has moved to summarily affirm. For the reasons that follow, we grant that motion and will summarily affirm the District Court's judgment.

I.

In 2015, a federal grand jury charged Makozy with 10 criminal counts. **(Dist. Ct. Dkt. No. 1.)** In 2016, he pleaded guilty to one of those counts — Count 6, concealment of bankruptcy assets in violation of 18 U.S.C. § 152(7). **(Dist. Ct. Dkt. Nos. 33, 65.)** Later that year, the District Court sentenced him to 30 months in prison and three years of supervised release, and it ordered him to pay $49,529 in restitution. **(Dist. Ct. Dkt. No. 59.)** He appealed, but we granted the Government's motion to enforce the appellate waiver contained in his plea agreement. See C.A. No. 16-2432 (order entered Dec. 1, 2016).[1]

More than seven years later, Makozy moved the District Court to expunge his criminal record, claiming that this relief was warranted because the District Court had

_____

[1] Makozy's subsequent efforts to collaterally attack his conviction and sentence were unsuccessful. **(See, e.g., 3d Cir. Dkt. No. 5, at 2-4.)**

"dismissed all the charges against [him]." Dist. Ct. Dkt. No. 182, at 1. In support of this claim, Makozy pointed to the fact that his six-page amended judgment of sentence included the following text: "Count(s) 1-5, and 6-10 . . . are dismissed on the motion of the United States." Dist. Ct. Dkt. No. 59, at 1.[2] **(Dist. Ct. Dkt. No. 182, at 2.)** On April 3, 2024, the District Court denied Makozy's motion as erroneous. **(Dist. Ct. Dkt. No. 183.)** He subsequently moved to reconsider that decision. **(Dist. Ct. Dkt. No. 184.)** On April 25, 2024, the District Court denied reconsideration, indicating that the quoted text relied on by Makozy was merely a "typo." See Dist. Ct. Dkt. No. 185. Makozy then filed this appeal, challenging the District Court's latter decision.[3] **(Dist. Ct. Dkt. No. 186.)**

## II.

The transcript of Makozy's sentencing hearing makes clear that the District Court sentenced him on Count 6. See Dist. Ct. Dkt. No. 66. To the extent that the District Court's oral pronouncement at sentencing conflicts with his amended judgment of

---

[2] Makozy's amended judgment of sentence was entered about a week after his original judgment of sentence. Both versions contain the above-quoted text. **(Dist. Ct. Dkt. No. 52, at 1; Dist. Ct. Dkt. No. 59, at 1.)**

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's denial of Makozy's motion to reconsider for abuse of discretion, exercising de novo review over the District Court's legal conclusions and reviewing its factual findings for clear error. See United States ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 848 (3d Cir. 2014).

sentence, the former controls.  See United States v. Perez-Colon, 62 F.4th 805, 807 n.1 (3d Cir. 2023).  Accordingly, regardless of whether the above-quoted text from Makozy's amended judgment of sentence was a typographical error (it surely was), there is no merit to his claim that the District Court dismissed *all* counts against him.  And since that indisputably meritless claim was the basis for his motion to expunge his criminal record, there was no reason for the District Court to reconsider its denial of that motion.[4]  See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that reconsideration is warranted only if the movant shows that (1) there has been "an intervening change in the controlling law," (2) there is new evidence that bears on the district court's underlying decision, or (3) there is a "need to correct a clear error of law or fact or to prevent manifest injustice").

Because this appeal does not present a substantial question, we grant the Government's motion and will summarily affirm the District Court's judgment.  See 3d Cir. I.O.P. 10.6.  Makozy's motion for appointment of counsel is denied, as are his other, miscellaneous requests for relief.

---

[4] To the extent that this appeal intended to include a direct challenge to the District Court's decision denying Makozy's motion to expunge, that challenge is meritless for the reasons discussed above.  To the extent that his motion for reconsideration mentioned issues that did not bear on the question of whether to grant reconsideration, **(Dist. Ct. Dkt. No. 184, at 1-2),** he failed to establish that he was entitled to any relief with respect to those issues.

4